IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 18-CV-406-J-32 MCR

PHENIX SPECIALITY FILMS, LLC,

    Plaintiff,

v.

PROTEIN BROTHERS, LLC d/b/a Stryve
Foods Company,

    Defendant.
_____/

**DEFENDANT PROTEIN BROTHERS, LLC'S MOTION TO COMPEL
BETTER RESPONSES TO FIRST REQUEST FOR PRODUCTION
AND TO PRODUCE DOCUMENTS**

Defendant PROTEIN BROTHERS, LLC, d/b/a Stryve Foods Company ("Stryve"), through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 34 and 37, and Rules 3.03(d) and 3.04(a) of the Middle District Local Rules, moves this Court to compel the Plaintiff PHENIX SPECIALITY FILMS, LLC ("Phenix") to provide amended responses to Stryve's First Requests for Production, and to produce responsive documents, and states as follows:

    1.    This Motion asks this Court to order Phenix to provide amended responses to Stryve's First Requests for Production based upon Phenix's improper objections to each of the Requests, including General Objections that do not apply to all of the Requests. *See Desoto Health & Rehab, L.L.C. v. Philadelphia Indemnity Insurance Company*, 2010 WL 2330286 *1 (M.D. Fla.

1

2010) *citing Jackson v. Geometrica, Inc.*, 2006 WL 213860 *1 (M.D. Fla. 2006)("[g]eneral or blanket objections should be used only when they apply to every [discovery request at issue.]"

2. This Motion also asks this Court to compel Phenix to produce documents responsive to Stryve's First Request for Prodcution.

3. On August 9, 2018, Stryve served its First Request for Production Nos. 1-22 on Phenix.

4. Phenix served its written Objections and Responses to the First Request on September 19, 2018 ("Response"), a copy of which is attached hereto as Exhibit "A."

5. In its Response, Stryve improperly asserted four (4) unnumbered General Objections which are not directed to every Request, and then incorporated each of its four General Objections into each of its specific responses. *See Id.*

6. Phenix also improperly objected to specific Requests on the grounds that the Request was "overly broad in scope and not reasonably calculated to lead to the discovery of admissible evidence,", but then stated that "subject to the objection," responsive documents will produced. *See Chambers v. Sygma Network, Inc.*, 2013 WL 1775046 at *3 (M.D. Fla. 2013)(noting that such a practice is improper).

7. Stryve has attempted to resolve the issues raised in this Motion with Phenix prior to filing this Motion, but has not been able to resolve the issue. Stryve provided Plaintiff with the same case citations as stated herein, and asked that Phenix provide amended responses without the need for the filing this Motion.

8. Phenix responded by suggesting it would first produce documents and, once Stryve reviewed what was produced, the parties could discuss Phenix's objections.

9. Phenix then noted that it would produce documents by approximately September 26, 2018.

10. Stryve agreed to Phenix's suggestion but, to date, Phenix has failed to produce any documents.

11. As a result, Stryve is asking this Court to order Phenix to provide amended responses to Stryve's First Request for Production, to remove any General Objections not directed to all Requests, and to withdraw any objections that the Request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence,", but then stating that "subject to the objection," responsive documents will produced.

12. Additionally, Phenix should be ordered to produce all responsive documents by a date certain.

## Memorandum Of Law

Phenix's General Objections, and objections that a Request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence,", but then stating that "subject to the objection," responsive documents will produced, is improper. General Objections are improper unless they apply to all of the Requests. *Desoto Health & Rehab, L.L.C. v. Philadelphia Indemnity Insurance Company*, 2010 WL 2330286 *1 (M.D. Fla. 2010) *citing Jackson v. Geometrica, Inc.*, 2006 WL 213860 *1 (M.D. Fla. 2006)("[g]eneral or blanket objections should be used only when they apply to every [discovery request at issue.]" *citing Middle District Discovery* (2001). Otherwise, specific objections should be matched to specific requests for production. *Id. citing* FED.R.CIV.PRO., 33(b) and 34(b).

Additionally, the assertion of boilerplate objections, but then stating that subject to or without waiving the objection, documents will be produced, is improper. As stated by the Middle

District, "[a]dditionally, it is common practice for a party to assert boilerplate objections and then state that "notwithstanding the above," the party will respond to the discovery request, 'subject to or without waiving the objection.' Such an objection and answer preserves nothing and wastes the time and resources of the parties and the court." *Martin v. Zale Delaware, Inc.*, 2008 WL 5255555 (M.D. Fla. 2008). Based upon Phenix's objections, Stryve has no way of knowing if there are responsive documents that are not being produced based upon the objection. Thus, either the objection must be withdrawn, or it should specifically state that responsive documents are not being produced based upon a specific objection.

In *Chambers v. Sygma Network, Inc.*, 2013 WL 1775046 at *3 (M.D. Fla. 2013), the Court stated the following: "[i]n its response, Universal has both objected and then answered 'subject to' and 'without waiving' it objections. ***This practice is improper and has been rejected by other courts in this District***" *citing Pepperwood of Naples Condo. Ass'n., Inc. v. Nationwide Mut. Fire Ins. Co.,* 2011 WL 3841557 at *2 (M.D. Fla. Aug.29, 2011)(emphasis added); *Martin v. Zale Delaware, Inc.,* 2008 WL 5255555, at *2 (M.D. Fla. Dec.15, 2008). Here, Phenix's responses to specific requests are also improper and should be amended.

### Specific Responses

In each and every one of Phenix's responses it improperly objects for one reason or another. Each Request and Phenix's Response are stated below:

**DOCUMENT REQUEST NO. 1:**
All documents relating to the pouches Stryve ordered from You.

**RESPONSE:**
Phenix objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 2:**
All documents relating to Stryve.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks documents "relating to Stryve" that constitute attorney-client communications and/or attorney work product. Phenix also objects to the request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case or the money that Stryve owes, but has failed, to pay Phenix. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 3:**
All communications between You and Stryve.

**RESPONSE:**
Phenix objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case or the money that Stryve owes, but has failed, to pay Phenix. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 4:**
All purchase orders between You and Stryve.

**RESPONSE:**
Phenix objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case nor limited to the money that Stryve owes but has failed to pay Phenix. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 5:**
All agreements between You and Stryve.

**RESPONSE:**
Phenix objects that the use of the term "agreements" is undefined and vague in the context and circumstances of this case, requiring that Phenix ascertain whether a document reflects an "agreement" in order to determine if the document is responsive to this request. Subject to and without waiving the objection, responsive documents will be produced.

**DOCUMENT REQUEST NO. 6:**
All documents between You and any manufacturer(s) relating to Stryve.

**RESPONSE:**
Phenix objects to this request as overly broad in scope, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 7:**
All communications between You and any manufacturer(s) relating to defective pouches from January 1, 2016, to the present.

**RESPONSE:**
Phenix objects to this request as overly broad in scope and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Communications, if any, regarding pouches unrelated to Stryve's pouches would have no bearing on the issues in dispute. Phenix also objects to the premise of the request, which requires that Phenix agree that pouches were "defective," which Phenix disputes. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 8:**
All documents relating to defective pouches sold by You to Stryve.

**RESPONSE:**
Phenix objects to the premise of the request, which requires that Phenix agree that pouches were "defective," which Phenix disputes. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 9:**
All documents relating to pouches manufactured for Stryve.

**RESPONSE:**
Phenix objects to this request as duplicative, at least in part, to Request No. 1.  Phenix also objections to the request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence.  The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 10:**
All agreements between you and any manufacturer(s) relating to the pouches Stryve ordered from You.

**RESPONSE:**
Phenix objects to this request as duplicative, at least in part, to Request No. 6. Phenix objects to this request as overly broad in scope, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Phenix also objects to the request as seeking confidential documents. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 11:**
All agreements between you and any manufacturer(s) relating to testing and/or inspection of pouches from January 1, 2016, to the present.

**RESPONSE:**
Phenix objects to this request as overly broad in scope and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the testing and/or inspection of the pouches that are at issue in this case. Agreements, if any, regarding the testing and/or inspection of pouches unrelated to Stryve's pouches would have no bearing on the issues in dispute. Phenix also objects to the request as seeking confidential documents. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 12:**
All documents relating to any investigation of defective pouches sold to Stryve.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks documents "relating to any investigation" that constitute attorney-client communications and/or attorney work product. Phenix also objects to the premise of the request, which requires that Phenix agree that pouches were "defective," which Phenix disputes. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 13:**
All documents reflecting or relating to the specifications for pouches Stryve ordered from You.

**RESPONSE:**
Phenix objects that the use of the term "specifications" is undefined and vague in the context and circumstances of this case, requiring that Phenix ascertain whether a document reflects "specifications" in order to determine if the document is responsive to this request. Subject to

and without waiving the objection, responsive documents will be produced.

**DOCUMENT REQUEST NO. 14:**
All documents between You and Thrushwood Farms relating to Stryve.

**RESPONSE:**
Phenix objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents, if any, will be produced.

**DOCUMENT REQUEST NO. 15:**
All internal communications relating to Stryve.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks "internal communications" that constitute attorney-client communications and/or attorney work product. Phenix also objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 16:**
All customer complaints received by you relating to product defects from January 1, 2016, to the present.

**RESPONSE:**
Phenix objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents, if any, will be produced.

**DOCUMENT REQUEST NO. 17:**
All documents relating to storage of pouches manufactured for Stryve.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks documents that constitute attorney-client communications and/or attorney work product. Phenix also objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents

regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 18:**
All documents relating to replacement of pouches Stryve purchased from You.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks documents that constitute attorney-client communications and/or attorney work product. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 19:**
All documents that support your allegation in paragraph 16 of the Complaint that Stryve expressly or impliedly agreed that the balance due on its account is $132,209.18.

**RESPONSE:**
Phenix objects that this request seeks to force Phenix to marshal its evidence in order to identify and produce responsive documents. Phenix further objects to the extent that the request requires Phenix, a layperson, to make a legal conclusion as to whether a document supports the legal meaning of an express or implied agreement between two parties to determine whether any such document is responsive. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 20:**
All documents that support your allegation in paragraph 35 of the Complaint that Stryve accepted the Replacement Packages.

**RESPONSE:**
Phenix objects that this request seeks to force Phenix to marshal its evidence in order to identify and produce responsive documents. Phenix further objects to the extent that the request requires Phenix, a layperson, to make a legal conclusion as to whether a document supports the legal meaning of acceptance to determine whether any such document is responsive. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 21:**
All documents supporting the damages you claim in this action.

**RESPONSE:**
Phenix objects that this request seeks to force Phenix to marshal its evidence in order to identify and produce responsive documents. Phenix further objects to the extent that the request requires Phenix, a layperson, to make a legal conclusion as to whether a document

supports the legal meaning of damages to determine whether any such document is responsive. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 22:**
All documents supporting your claim to attorneys' fees.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks documents that constitute attorney-client communications and/or attorney work product. Phenix further objects that this request seeks to force Phenix to marshal its evidence in order to identify and produce responsive documents. Subject to and without waiving the objections, responsive documents will be produced.

Each of Phenix's Twenty-Two responses contain at least one improper objection, some having two or three. While Phenix has yet to produce any documents, the problem is that Stryve will not know whether there are responsive documents that are being withheld based upon at least one of Phenix's improper objections in its response. As a result, Phenix should be made to provide amended Responses without improper objections, and to produce relevant documents. Additionally, based upon the fact that Phenix's General and other objections are so fundamentally improper, and because Phenix was provided with the case citations to support Stryve's position that Phenix's objections were improper, but failed to correct them, Stryve should be awarded its fees relating to drafting this Motion and obtaining better responses and documents.

WHEREFORE, Stryve moves this Court to compel the Plaintiff PHENIX SPECIALITY FILMS, LLC, to provide better responses to Stryve's First Requests for Production, to produce responsive documents, and for an award of its fees relating to drafting this Motion and obtaining better responses and documents.

Respectfully Submitted,

| **TIMOTHY W. SCHULZ, P.A.** | **LEVINE KELLOGG LEHMAN SCHNEIDER +** |
|---|---|
| Co-Counsel for Defendant | **GROSSMAN, LLP** |
| 224 Datura Street, Suite 815 | Co-Counsel for Defendant |
| West Palm Beach, Florida 33401 | 201 South Biscayne Boulevard, 22nd Floor |

| | |
|---|---|
| 561-659-1167 (phone)<br>561-659-1808 (direct)<br>561-659-1168 (facsimile)<br><br>By: /s/ Timothy W. Schulz___<br>   TIMOTHY W. SCHULZ<br>   Florida Bar No. 073024 | Miami Florida 33131<br>Telephone:  305-403-8788<br>Facsimile:   305-403-8789<br><br>By: /s/ Jeffrey C. Schneider<br>   JEFFREY C. SCHNEIDER<br>   Florida Bar No. 933244 |

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on October 9, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of the Notice of Electronic Filing generated by CM/ECF.

                                By: /s/ Timothy W. Schulz___
                                    TIMOTHY W. SCHULZ

## Service List

PHENIX SPECIALITY FILMS, LLC
v.
PROTEIN BROTHERS, LLC, d/b/a Stryve Foods Company

CASE NO. 18-CV-406-J-32 MCR

United States District Court, Middle District of Florida

| | |
|---|---|
| **FISHE BROYLES, LLP**<br>Counsel for Plaintiff<br>12620 Beach Boulevard, Suite 3 #126<br>Jacksonville, Florida 32246<br>Leanne.prendergast@fisherbroyles.com | **FISHE BROYLES, LLP**<br>Counsel for Plaintiff<br>12620 Beach Boulevard, Suite 3 #126<br>Jacksonville, Florida 32246<br>312-498-8078 (phone)<br>mark.wilson@fisherbroyles.com |
| **TIMOTHY W. SCHULZ, P.A.**<br>Counsel for Defendant<br>224 Datura Street, Suite 815<br>West Palm Beach, Florida 33401<br>561-659-1167 (phone)<br>561-659-1808 (direct)<br>561-659-1168 (facsimile) | **LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN, LLP**<br>Counsel for Defendant<br>201 South Biscayne Boulevard, 22nd Floor<br>Miami Florida 33131<br>Telephone: 305-403-8788<br>Facsimile: 305-403-8789 |