UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PHENIX SPECIALTY FILMS, LLC,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>PROTEIN BROTHERS, LLC d/b/a Stryve Foods Company,<br><br>Defendant and Counterplaintiff. | No. 3:18-cv-406-J-32 MCR |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

Plaintiff, Phenix Specialty Films, LLC ("Phenix"), submits these Objections and Responses to Defendant's First Request for Production to Plaintiff.

**<u>GENERAL OBJECTIONS</u>**

Phenix objects to the "Definitions and Instructions" to the extent that they impose obligations that exceed the requirements of the Federal Rules of Civil Procedure. For instance, but without limitation, Phenix objects to the definition of "Communication" because it is overly broad, vague, and ambiguous and encompasses "oral" communications and "face-to-face meetings," which are not documents capable of being produced. Further, the definition of "Communication" is circular by including documents that relate to a "communication."

Phenix also objects to the requests to the extent they seek to elicit documents or information protected by the attorney-client privilege, the attorney work product privilege, and/or any other applicable statutory or common law privilege or protection. Nothing

contained in these objections or responses is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work product protection, or any other applicable protection or privilege. Any inadvertent production or disclosure of information will not be deemed a waiver of any privilege with respect to the information produced. Phenix is not required to produce a privilege log with respect to any communications with its legal counsel. Phenix further objects to the unilateral choice of the structure of any privilege log. To the extent that any privilege log is required, Phenix will comply with the Federal Rules of Civil Procedure in creating any such privilege log.

If Phenix produces any documents in response to any of the requests, Phenix does not concede that such documents are relevant to the subject matter of the pending action, or to the claims or defenses of any party herein, or that such documents are reasonably calculated to lead to the discovery of admissible evidence. Phenix expressly reserves the right to object to the use of any documents produced in response to the requests on grounds of relevance or for any other reason.

Phenix has not completed discovery, its investigation of the facts pertinent to this litigation, or its preparation for trial. Phenix therefore submits these responses without prejudice to its right to amend or supplement the responses as appropriate at a later time.

The General Objections contained herein are incorporated into each of Phenix's responses below to the extent applicable.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:
All documents relating to the pouches Stryve ordered from You.

### RESPONSE:
Phenix objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents will be produced.

### DOCUMENT REQUEST NO. 2:
All documents relating to Stryve.

### RESPONSE:
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks documents "relating to Stryve" that constitute attorney-client communications and/or attorney work product. Phenix also objects to the request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case or the money that Stryve owes, but has failed, to pay Phenix. Subject to and without waiving the objections, responsive documents will be produced.

### DOCUMENT REQUEST NO. 3:
All communications between You and Stryve.

### RESPONSE:
Phenix objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case or the money that Stryve owes, but has failed, to pay Phenix. Subject to and without waiving the objections, responsive documents will be produced.

### DOCUMENT REQUEST NO. 4:
All purchase orders between You and Stryve.

### RESPONSE:
Phenix objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case nor

limited to the money that Stryve owes but has failed to pay Phenix. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 5:**
All agreements between You and Stryve.

**RESPONSE:**
Phenix objects that the use of the term "agreements" is undefined and vague in the context and circumstances of this case, requiring that Phenix ascertain whether a document reflects an "agreement" in order to determine if the document is responsive to this request. Subject to and without waiving the objection, responsive documents will be produced.

**DOCUMENT REQUEST NO. 6:**
All documents between You and any manufacturer(s) relating to Stryve.

**RESPONSE:**
Phenix objects to this request as overly broad in scope, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 7:**
All communications between You and any manufacturer(s) relating to defective pouches from January 1, 2016, to the present.

**RESPONSE:**
Phenix objects to this request as overly broad in scope and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Communications, if any, regarding pouches unrelated to Stryve's pouches would have no bearing on the issues in dispute. Phenix also objects to the premise of the request, which requires that Phenix agree that pouches were "defective," which Phenix disputes. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 8:**
All documents relating to defective pouches sold by You to Stryve.

**RESPONSE:**
Phenix objects to the premise of the request, which requires that Phenix agree that pouches were "defective," which Phenix disputes. Subject to and without waiving the objections, responsive documents will be produced.

4

**DOCUMENT REQUEST NO. 9:**
All documents relating to pouches manufactured for Stryve.

**RESPONSE:**
Phenix objects to this request as duplicative, at least in part, to Request No. 1. Phenix also objections to the request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 10:**
All agreements between you and any manufacturer(s) relating to the pouches Stryve ordered from You.

**RESPONSE:**
Phenix objects to this request as duplicative, at least in part, to Request No. 6. Phenix objects to this request as overly broad in scope, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Phenix also objects to the request as seeking confidential documents. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 11:**
All agreements between you and any manufacturer(s) relating to testing and/or inspection of pouches from January 1, 2016, to the present.

**RESPONSE:**
Phenix objects to this request as overly broad in scope and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the testing and/or inspection of the pouches that are at issue in this case. Agreements, if any, regarding the testing and/or inspection of pouches unrelated to Stryve's pouches would have no bearing on the issues in dispute. Phenix also objects to the request as seeking confidential documents. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 12:**
All documents relating to any investigation of defective pouches sold to Stryve.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks documents "relating to any investigation" that constitute attorney-client communications and/or attorney work product. Phenix also objects to the premise of the request, which requires that Phenix agree that pouches were "defective," which Phenix disputes. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 13:**
All documents reflecting or relating to the specifications for pouches Stryve ordered from You.

**RESPONSE:**
Phenix objects that the use of the term "specifications" is undefined and vague in the context and circumstances of this case, requiring that Phenix ascertain whether a document reflects "specifications" in order to determine if the document is responsive to this request. Subject to and without waiving the objection, responsive documents will be produced.

**DOCUMENT REQUEST NO. 14:**
All documents between You and Thrushwood Farms relating to Stryve.

**RESPONSE:**
Phenix objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents, if any, will be produced.

**DOCUMENT REQUEST NO. 15:**
All internal communications relating to Stryve.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks "internal communications" that constitute attorney-client communications and/or attorney work product. Phenix also objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not

6

limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 16:**
All customer complaints received by you relating to product defects from January 1, 2016, to the present.

**RESPONSE:**
Phenix objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents, if any, will be produced.

**DOCUMENT REQUEST NO. 17:**
All documents relating to storage of pouches manufactured for Stryve.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks documents that constitute attorney-client communications and/or attorney work product. Phenix also objects to this request as overly broad in scope, out of proportion to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited to documents regarding the pouches that are at issue in this case. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 18:**
All documents relating to replacement of pouches Stryve purchased from You.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks documents that constitute attorney-client communications and/or attorney work product. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 19:**
All documents that support your allegation in paragraph 16 of the Complaint that Stryve expressly or impliedly agreed that the balance due on its account is $132,209.18.

**RESPONSE:**
Phenix objects that this request seeks to force Phenix to marshal its evidence in order to identify and produce responsive documents. Phenix further objects to the extent that the request requires Phenix, a layperson, to make a legal conclusion as to whether a document supports the legal meaning of an express or implied agreement between two parties to determine whether any such document is responsive. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 20:**
All documents that support your allegation in paragraph 35 of the Complaint that Stryve accepted the Replacement Packages.

**RESPONSE:**
Phenix objects that this request seeks to force Phenix to marshal its evidence in order to identify and produce responsive documents. Phenix further objects to the extent that the request requires Phenix, a layperson, to make a legal conclusion as to whether a document supports the legal meaning of acceptance to determine whether any such document is responsive. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 21:**
All documents supporting the damages you claim in this action.

**RESPONSE:**
Phenix objects that this request seeks to force Phenix to marshal its evidence in order to identify and produce responsive documents. Phenix further objects to the extent that the request requires Phenix, a layperson, to make a legal conclusion as to whether a document supports the legal meaning of damages to determine whether any such document is responsive. Subject to and without waiving the objections, responsive documents will be produced.

**DOCUMENT REQUEST NO. 22:**
All documents supporting your claim to attorneys' fees.

**RESPONSE:**
Phenix objects to this request as seeking to invade attorney-client privilege and attorney work product privilege to the extent that it seeks documents that constitute attorney-client

communications and/or attorney work product. Phenix further objects that this request seeks to force Phenix to marshal its evidence in order to identify and produce responsive documents. Subject to and without waiving the objections, responsive documents will be produced.

FISHERBROYLES, LLP

By: ___s/ Mark E. Wilson___

Mark E. Wilson
*Pro Hac Vice* Motion Pending
Illinois Bar No. 06202140
203 North LaSalle Street
Suite 2100
Chicago, Illinois 60601
(312) 498-8078
mark.wilson@fisherbroyles.com

Leanne McKnight Prendergast
Florida Bar Number 59544
12620 Beach Blvd. Suite 3 #126
Jacksonville, Florida 32246
(904) 479-6612
Leanne.prendergast@fisherbroyles.com

Trial Counsel for Phenix Specialty Films, LLC

## Certificate of Service

The undersigned, an attorney, certifies that he caused Plaintiff's Initial Disclosures to be served on counsel of record for Defendant by sending the document to the e-mail addresses referenced below on September 18, 2018:

Jeffrey C. Schneider
jcs@lklsg.com
Victoria J. Wilson
vjw@lklsg.com
mco@lklsg.com
Jeffrey C. Schneider, P.A.
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
CitiGroup Center, 22nd Floor
201 South Biscayne Boulevard
Miami, Florida 33131

Timothy W. Schulz
schulzt@twslegal.com
224 Datura Street
Suite 815
West Palm Beach, Florida 33401

By: /s Mark E. Wilson
FISHERBROYLES, LLP
*Pro Hac Vice* Motion Pending
Illinois Bar No. 06202140
203 North LaSalle Street
Suite 2100
Chicago, Illinois 60601
(312) 498-8078
mark.wilson@fisherbroyles.com

Leanne McKnight Prendergast
Florida Bar Number 59544
2620 Beach Blvd. Suite 3 #126
Jacksonville, Florida 32246
(904) 479-6612
Leanne.prendergast@fisherbroyles.com